UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RYAN SCOTT ADAMS ,

Plaintiff,

v.

EDDIE REETZ, et al.,

Defendant.

CASE NO. 3:26-cv-05686-TSZ-BAT

**REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner, filed a *pro se* amended 42 U.S.C. § 1983 complaint, Dkt. 8. Because Plaintiff has at least three "strikes" under 28 U.S.C. § 1915(g) and fails to show he is under imminent danger of serious physical injury, the Court recommends Plaintiff's application to proceed *in forma pauperis* (IFP), Dkt.8 be DENIED and Plaintiff be DIRECTED to pay the filing fee within 14 days of adoption of this Report and Recommendation or the case will be DISMISSED without prejudice.

## BACKGROUND

Plaintiff is confined at the Clallam Bay Corrections Center (CBCC). He has filed a series of complaints starting. *See* Dkts. 1, 4 and 8. He filed an amended complaint on July 30, 2026 which is thus the operative complaint before the Court. *See* Dkt. 8.

Count I of the amended complaint alleges "Eddie Reets"[1] superintendent 14th Amendment Due Process." Dkt. 8 at 9. In support, Plaintiff claims Defendant Reetz must protect Plaintiff's due process rights "in hearings for major infractions" and protect Plaintiff's health and well-being. Plaintiff claims evidence in support of grievances "in regards to beating me" has been lost, and Defendant Reetz allows the prison resolution staff to deny Plaintiff's grievances and appeals. *Id.* at 10. Plaintiff alleges Reetz fails to view his infraction appeals, *id*. at 11, Plaintiff has been denied "a hearing," Plaintiff's "statement was not put down," and discovery was denied. *Id.*

Count II of the amended complaint alleges Denis Ohara violated Plaintiff's "due process & 1st Amendment and 14th Amendment" by improperly handling Plaintiff's grievances and infractions. Dkt. 8 at 12.

Count III of the amended complaint alleges "14th Amendment – medical Dr. Anderson, Dr. Poole" *Id.* at 13. In support, Plaintiff alleges that Defendants have delayed or denied providing him with pain medications.

Count IV of the amended complaint alleges "14th Amendment Cruel & unusual punishment Laura Mabrey" *Id.* at 15. In support, Plaintiff claims Defendant Mabrey[2] gave him a paperclip, mishandled his mental health treatment, took his property and keeps Plaintiff in "isolation." *Id.* at 15-16.

The amended complaint also inserts "Count 4" alleging "14th Amendment Equal Protections via Due Process Lt. McKenney, Lt. Shepers, Jacob Martin, Assoc. Superintendent

---

[1] The correct spelling of the superintendent is "Reetz."

[2] Plaintiff alleges he sued Defendant Mabrey in *Adams v. Banner,* 2:25-cv-01421-DGE (terminated November 21, 2025).

Brady." Dkt. 8 at 18. In support Plaintiff alleges defendants conducted major infraction hearings in violation of due process.

"Count 6" of the amended complaint alleges "14th Amend. Violation – Sgt Dupois, C/O Akabusi. Dkt. 8 at 20. In support, Plaintiff alleges he was denied toilet paper.

Count 7 of the amended complaint alleges "14th Amend. Violation Echiefa, Adefwara Adams, Angula, Hedgecomb." *Id.* at 22. Plaintiff alleges on May 20, 2026 his cell was monitored "24/7" and his cell was searched *Id.* at 22.

Count 8 of the amended complaint alleges "14th Amend. Violation – Lt. Mendoza, Eddie Reetz," claiming the prison was "shortening all of the IMU/RHU residents's food." *Id.* at 23.

Count 9 of the amended complaint alleges "14th Amend. Violation Superintendent Eddie Reetz Kitchen Manager Kahout, Denis Ohara" claiming the denial to all inmates of Matzoh crackers during Passover. *Id.* at 25.

**DISCUSSION**

Under the Prison Litigation Reform Act ("PLRA"), "prisoners who have repeatedly brought unsuccessful suits may be denied IFP status under the three-strikes rule." *Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007). The "three-strikes rule" contained in the PLRA states:

> [i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The three-strikes rule does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed

pursuant to the statute's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154–55 (9th Cir. 2008). When an IFP motion or application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915(e) and the action is dismissed, the dismissal counts as a "strike." *Id*. at 1155.

The Court's records and the records of the Eastern District of Washington establish three prior lawsuits that Plaintiff filed while incarcerated, were dismissed as frivolous or for failure to state a claim upon which relief may be granted.[3] The Court finds the following prior dismissals constitute "strikes" pursuant to Section 1915(g):

> *Adams v. Inslee et al*., No. 3:24-cv-05417-TMC, Dkt. 11, 12 (W.D. Wash. Aug. 16, 2024) (dismissing complaint for failure to state a claim);
>
> *Adams v. Robertson, et al*., No. 4:24-cv-05053-SAB, Dkt. 14, 15 (E.D. Wash., Dec. 6, 2024) (dismissing amended complaint for failure to state a claim); and
>
> *Adams v. Jackson et al*., No. 4:24-cv-05041-SAB, Dkts. 19, 20 (E.D. Wash. Oct. 3, 2025) (dismissing second amended complaint for failure to state a claim).

Because Plaintiff has incurred three "strikes," he cannot proceed *in forma pauperis* unless he shows he was "under imminent danger of serious physical injury," at the time he signed his civil rights complaint. *See* 28 U.S.C. § 1915(g). Plaintiff fails to make the required showing as his complaint appears to allege violations of his rights regarding his grievances and infraction hearings; delays in being provided pain medications,[4] the handling of his mental health treatment

---

[3] The Court in *Adams v. Carmac, et al*., 2:25-CV-02311-JLR found Plaintiff was subject to the three-strike rule and dismissed the case on March 19, 2026.

[4] Plaintiff attached a grievance regarding pain medications and in a response dated June 6, 2026, the prison indicated "according to records you have been seen in regards to your headaches if you have chronic pain please kit for your pain issues to be addressed if you have different type of pain. If you are searching for pain management please kite for this issue. Currently this issue does not fall under emergency."

and his property, the amount of food that he and others receive, and the denial of Matzoh crackers.

The Court concludes Plaintiff is barred from filing and proceeding with this lawsuit in federal court unless he pays $405.00 ($350.00 filing fee plus $55.00 administrative fee). *See* 28 U.S.C. § 1915(g).

## CONCLUSION

The Court recommends: (1) Plaintiff's IFP application (Dkt.8) be **DENIED** under the three-strikes rule of 28 U.S.C. § 1915(g); (2) Plaintiff be required, within 14 days of issuance of adoption of this Recommendation, to pay the $405.00 filing fee in order to proceed with his complaint; and (3) the case be dismissed without prejudice he fails to do so.

This Report and Recommendation is not an appealable order. Thus, Plaintiff should not file a notice of appeal in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Any objections to this Report and Recommendation may be filed no later than **August 19, 2026.** The Clerk shall note the matter for **August 20, 2026**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 5th day of August, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge