UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RYAN SCOTT ADAMS,<br>Plaintiff,<br>v.<br>EDDIE REETZ,[1] et al.,<br>Defendants. | C26-5686 TSZ<br><br>ORDER |

By Order entered September 1, 2026, docket no. 10, the Court adopted the Report and Recommendation ("R&R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge, docket no. 9, which was issued on August 5, 2026. Objections to the R&R were due on August 19, 2026. No objection was filed before the deadline. On September 1, 2026, after the Court's Order adopting the R&R was entered, the Court received notice that plaintiff Ryan Scott Adams had been transferred from Clallam Bay Corrections Center to Stafford Creek Corrections Center ("SCCC") on August 26, 2026. *See* Email (docket no. 11). The notice of electronic filing for the Court's Order adopting

[1] The Clerk is DIRECTED to update the docket to reflect the correct spelling of the last name of the Superintendent of Clallam Bay Corrections Center.

the R&R was regenerated so that the Order would be delivered to plaintiff at SCCC, and on September 11, 2026, the Court received and filed plaintiff's two-page letter dated September 3, 2026, docket no. 12, which has been treated as a timely-filed objection to the R&R.

In his objection to the R&R, plaintiff contends that the dismissals of his proposed or operative complaints in *Adams v. Inslee*, W.D. Wash. No. 24-cv-5417, and *Adams v. Jackson*, E.D. Wash. No. 24-cv-5041, should not count as "strikes" under 28 U.S.C. § 1915(g). With respect to W.D. Wash. No. 24-cv-5417, plaintiff relies on the following observation, made in a order denying a motion for reconsideration:

> Mr. Adams explains in his motion why he believes that his criminal defense lawyer's selection as a judge by Governor Jay Inslee during the pendency of his criminal case impacted his right to a fair trial. The Court understands the basis for Mr. Adams's allegations, which may be better directed at post-conviction motions in his underlying criminal case or claims against his prior attorney.

Order at 1–2 (W.D. Wash. No. 24-cv-5417, docket no. 14). Plaintiff appears to assert that this comment negated an earlier ruling that dismissal of his claims based on the former governor's immunity from suit constituted a "strike" under 28 U.S.C. § 1915(g). *See* Order at ¶ 2 (W.D. Wash. No. 24-cv-5417, docket no. 11). The Court disagrees with plaintiff's assessment.

In the proposed complaint in W.D. Wash. No. 24-cv-5417, plaintiff did not allege that defense counsel's appointment as a judge affected his right to a fair trial, but rather asserted that the former governor was "involved in a political scheme to cover-up his alleged[ly] wrongful conviction, deny him due process of law, and unlawfully continue

his incarceration" by denying him a pardon. R&R at 2 (W.D. Wash. No. 24-cv-5417, docket no. 7). Plaintiff did not challenge his conviction, but instead sought $1.5 billion in compensatory damages. Id. Notwithstanding any possible merit to a hypothetical collateral attack on his conviction or suit against his defense attorney, the claims actually presented in W.D. Wash. No. 24-cv-5417 were frivolous for the reasons stated in the adopted R&R, and the "strike" associated with the dismissal of the proposed complaint remains in full force and effect.

With regard to E.D. Wash. No. 24-cv-5041, plaintiff indicates that the United States Court of Appeals for the Ninth Circuit has determined that his still-pending appeal "involves at least one non-frivolous issue." See Adams v. Jackson, No. 24-7814 (9th Cir. Oct. 23, 2025) (also filed in E.D. Wash. No. 24-cv-5041, docket no. 28). Contrary to plaintiff's suggestion, the United States Supreme Court has instructed that a dismissal for failure to state a claim still counts as a "strike" under 28 U.S.C. § 1915(g) even when the dismissal is subject to an ongoing appeal. See Coleman v. Tollefson, 575 U.S. 532 (2015). Plaintiff's grounds for objecting to the R&R in this matter lack merit. See Adams v. Banner, No. 25-cv-1372, 2026 WL 914809, at *1 (W.D. Wash. Apr. 3, 2026) ("The Ninth Circuit's determination that Mr. Adams's *appeal* presents at least one non-frivolous issue . . . does not alter the analysis that the underlying dismissal counts as a strike." (emphasis in original)).

The Order entered September 1, 2026, docket no. 10, adopting the R&R, docket no. 9, and denying plaintiff's application to proceed *in forma pauperis*, docket no. 4, is hereby CONFIRMED. The deadline for plaintiff to pay the required filing fee is

EXTENDED to November 13, 2026. The Clerk is DIRECTED to enter a dismissal without prejudice and to close this case if plaintiff fails to timely pay the filing fee. If plaintiff pays the $405 filing fee by the deadline, this matter shall be re-referred to Magistrate Judge Tsuchida for further proceedings. The Clerk is further DIRECTED to send a copy of this Order to plaintiff pro se and to Magistrate Judge Tsuchida.

Dated this 15th day of October, 2026.

Thomas S. Zilly
United States District Judge